UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DENNIS NARAIN, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.   CR07-132 RSL <br><br> DETENTION ORDER |

Offense charged:

    Count I:   Conspiracy to Manufacture Marijuana, in violation of Title 21, United States Code, Section 812.

Dates of Detention Hearings: April 16, 24, and 27.

    The Court, having conducted both a bond revocation and a detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Sarah Vogel. The defendant was represented by Robert Huff.

DETENTION ORDER
PAGE -1-

1   The Government argued for detention at today's hearing, having previously
2   withdrawn their motion for detention.

3   FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

4   (1)  There is probable cause to believe the defendant committed the
5        conspiracy drug offense.  The maximum penalty is in excess of ten years.
6        There is therefore a rebuttable presumption against the defendant's
7        release based upon both dangerousness and flight risk under Title 18
8        U.S.C. § 3142(e).

9   (2)  Nothing in this record satisfactorily rebuts the presumption against
10       release for several reasons:

11       (a)  The defendant presents a risk of nonappearance due to the
12            following: He is a naturalized citizen, having been born in
13            Suriname; his background and ties to the Western District of
14            Washington appear to be isolated to those persons involved in this
15            investigation, principally his wife who is a co-defendant.

16       (b)  The defendant presents a risk of flight.  First, on April 26, while
17            wearing the required GPS tracking device, he admits to having
18            promptly left his residence, even after instruction on the
19            requirements of the bond condition at his home just one hour
20            earlier by a U.S. Pre-trial Services officer.  At today's hearing,
21            after admitting this violation, he did not proffer mitigation nor
22            credible reasons for his flight and disregard of the condition, but
23            suggested there had been a slight language barrier.  Later in the
24            hearing defense counsel conceded that his argument of a language
25            barrier was not truly being urged as a credible reason.  Second, at
26            the April 24 hearing, the defendant represented to this Court that

DETENTION ORDER
PAGE -2-

|   |   |   |
|---|---|---|
| | | he was employed by Boeing, however, at today's hearing the Court learned that such employment was terminated today. |
| | (c) | Third, since the first hearing, as part of the Court's consideration of whether he could make any bail as urged by the Government, his knowledge of which accounts he deposits his payroll check deflected any responsibility. But rather, he deferred to his wife who is the central figure in the instant case charging conspiracy to manufacture marijuana and conspiracy to launder money by the structuring of sums in excess of $200,000.00. Seizure of thirty-five bank accounts attributed to the defendant and the co-defendants yielded over $200,000.00, with a deposit history suggesting structuring of deposits to avoid reporting requirements. The magnitude of this alleged conspiracy strongly suggests that access to money to successfully flee this jurisdiction makes it reasonable to conclude that this defendant poses a risk of flight. |

Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private

consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of May, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-